SANG (JAMES) PARK, SBN 232956
*james@park-lawyers.com*
PARK APC
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
Telephone: (310) 627-2964
Fax: (310) 362-8279

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CONCENTRA HEALTH SERVICES, INC.; and DOES 1 to 10,

Defendants.

Case No.: 2:26-cv-06585-FLA (PDx)

CLASS ACTION

**FIRST AMENDED COMPLAINT**

(1) Violation of California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime)
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums)
(4) Violation of California Labor Code §§ 1194 1194.2, 1197, and Minimum Wage Order (Failure to Pay Minimum Wage)
(5) Violation of California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements)
(6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination)
(7) Violation of California Business & Professions Code §§ 17200 et seq
(8) Violation of California Labor Code §§ 2698 et seq.

**DEMAND FOR JURY TRIAL**

## THE PARTIES

1. Plaintiff is, and at all relevant times was, a citizen of the state of California.

2. Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant *to La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

3. Defendant Concentra Health Services, Inc. ("Concentra" or "Defendants") is a Nevada company. At all times hereinafter mentioned, Defendants were employers whose employees were engaged throughout this county and the State of California.

4. Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names. Each of the DOE Defendants was in some manner legally responsible for the violations alleged. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

5. At all times, the Defendants named as DOES 1 to 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

6. At all times, each Defendant was the agent, servant, or employee of the other Defendants and, in acting and omitting to act as alleged herein, acted within the course and scope of that agency or employment.

7. Concentra and DOES 1 to 10 are collectively referred to herein as "Defendants."

## DEFENDANTS' CONDUCT

8. Defendants employed Plaintiff as a Center Operations Director from May 2023 to May 2, 2025 at their El Segundo, California clinic.

9. Defendants' clinic operated from 8 am to 5 pm, Monday to Friday, and serviced anywhere from 80 to 100 patients a day.

10. But Defendants grossly understaffed their clinic and required Plaintiff to do the job of a medical assistant during the clinic's operating hours.

11. So Plaintiff, as required by Defendants, worked as a medical assistant from 8 am to 5 pm, Monday to Friday. For example, Plaintiff signed patients in at the front desk, placed them in examining rooms, took their physicals, including vitals, height and weight, and drew their blood.

12. Defendants also required Plaintiff to do the job of a Center Operations Director—i.e., before and after the clinic's operating hours, Defendants required Plaintiff to, among others, complete necessary paperwork, review patient complaints, check medical charts, administer the required paperwork for insurance, check emails, complete payroll, and set employee schedules.

13. Plaintiff's workday would begin as early as 7 am and end as late as 10 pm.

14. Plaintiff was not authorized or permitted lawful meal periods and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

15. Defendants' non-exempt employees, like Plaintiff, were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a) employees were regularly not authorized or permitted full thirty-minute meal periods for workdays in excess of five

and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders

(b) employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period"

(c) employees were required to work longer than five hours before being allowed to take a meal period

(d) employees were severely restricted in their ability to take a meal period

16. Further Defendants failed to provide Plaintiff his second meal periods for shifts longer than ten hours.

17. Plaintiff was not authorized or permitted lawful rest breaks and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code § 226.7 and applicable IWC Wage Orders.

18. Defendants also failed to correctly record Plaintiff's meal periods as required by Labor Code § 1198 and applicable IWC Wage Orders.

19. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194, and applicable IWC Wage Orders.

20. As a result, Defendants failed to timely pay Plaintiff for all wages owed to him and Plaintiff's paychecks did not include all wages owed to Plaintiff.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt employees and seeks class certification under Code of Civil Procedure § 382 and FRCP 23.

22. All claims alleged arise under California law for which Plaintiff seeks relief authorized by California law.

23. The proposed Class consists of and is defined as:

> All current and/or former employees that worked for Defendants in California as Center Operations Director, or with similar titles, within four years prior to the filing of this Complaint

24. The proposed subclasses consist of and are defined as:

> OVERTIME SUBCLASS: All members of the Class who were not paid overtime compensation for all hours worked in excess of eight hours per day and/or 40 hours per week

> MEAL PERIOD SUBCLASS: All members of the Class who were not authorized or permitted to take a 30-minute uninterrupted meal period for every five hours worked per day and were not compensated one hour's pay for each day on which such meal period was not authorized or permitted

> REST BREAK SUBCLASS: All members of the Class who were not authorized or permitted to take a 10-minute, uninterrupted rest break for every four hours worked per day, or major fraction thereof, and were not compensated one hour's pay for each day on which such rest break was not authorized or permitted

> UNPAID WAGES SUBCLASS: All members of the Class who performed work for Defendants and were not compensated

> WAITING TIME SUBCLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages

> WAGE STATEMENT SUB-CLASS: All members of the Class who received inaccurate wage statements

25. Plaintiff reserves the right to establish additional subclasses as appropriate.

26. At all material times, Plaintiff was a member of the Class.

27. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest. Plaintiff's claims (or defenses, if any) are typical of all Class members as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes

because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

28. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendants engaged in a pattern or practice of failing to pay Plaintiff and the Class members for the total hours worked during the Class period

(b) Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful

(c) Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members

(d) Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week

(e) Whether Defendants failed to record Plaintiff and Class members' meal periods

(f) Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation

(g) Whether Defendants deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation

(h) Whether Defendants' conduct was willful or reckless

(i) Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements

(j) Whether Defendants misclassified Plaintiff and Class members as exempt employees to avoid complying with California Labor Code

(k) Whether Defendants failed to timely pay all wages due to Plaintiff and Class members upon their discharge or resignation

(l) Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.

(m) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law

## FIRST CAUSE OF ACTION

**Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime**

**(Plaintiff and Class against all Defendants)**

29. Plaintiff incorporates all paragraphs above as though fully set forth herein.

30. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

31. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful. The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

32. During the course of Plaintiff and Class members' employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

33. At all times, Defendants failed to pay Plaintiff and Class members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and Class members were regularly required to work overtime hours without receiving overtime pay.

34. By virtue of Defendants' unlawful failure to pay additional, premium

rate compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

35. Plaintiff and Class members request recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

36. Further Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums

### (Plaintiff and Class against all Defendants)

37. Plaintiff incorporates all paragraphs above as though fully set forth herein.

38. The applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

39. California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

40. The applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the

meal period may be waived by mutual consent of both the employer and the employee.

41. Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Plaintiff was not authorized or permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

42. Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

43. Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code § 226.7.

44. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

45. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the meal period was not provided.

## THIRD CAUSE OF ACTION

**Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

**(Plaintiff and Class against all Defendants)**

46. Plaintiff incorporates all paragraphs above as though fully set forth herein.

47. The applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's employment by Defendants.

48. California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

49. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

50. Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

51. Defendants willfully required Plaintiff to work during rest periods and failed to compensate Plaintiff for work performed during rest periods.

52. Defendants failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

53. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

**Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order—Failure to Pay Minimum Wages**

**(Plaintiff and Class against all Defendants)**

54. Plaintiff incorporates all paragraphs above as though fully set forth herein.

55. California Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

56. Defendants paid Plaintiff and Class members less than minimum wages when it required them to work during meal periods and rest breaks and when it failed to pay them proper compensation for all hours worked, including time worked during their missed and/or interrupted meal and/or rest periods and overtime.

57. Defendants have knowingly and willfully refused to compensate Plaintiff and Class members for all wages earned, and all hours worked, at the required minimum wage. As a direct result Plaintiff and Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation and wages; lost interest on such monies and expenses; and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

58. In relevant part, California Labor Code § 1194 et seq. provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest, reasonable attorney's fees, and cost of suit, which Plaintiff and Class members seek.

59. Pursuant to California Labor Code § 1194.2, Plaintiff and Class members seek liquidated damages available to employees who file an action under Labor Code §1194.

## <u>FIFTH CAUSE OF ACTION</u>

### Violation of California Labor Code § 226(a)—
### Failure to Furnish Timely and Accurate Wage Statements
### (Plaintiff and Class against all Defendants)

60. Plaintiff incorporates all paragraphs above as though fully set forth herein.

61. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

62. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; the overtime hours worked by Plaintiff and Class members; and the meal period and rest break premiums owing to Plaintiff and Class members.

63. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class members have suffered injury and damage to their statutorily protected rights.

64. Specifically Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

65. Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

66. Plaintiff and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

67. Plaintiff and Class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—**

**Wages Not Timely Paid Upon Termination**

**(Plaintiff and Class against all Defendants)**

68. Plaintiff incorporates all paragraphs above as though fully set forth herein.

69. At all times, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

70. During the relevant time period, Defendants willfully failed to pay Class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

71. Class members' final paychecks did not include all wages owed to them.

72. Defendants' failure to pay those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

73. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

74. Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## SEVENTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200 et seq.**

**(Plaintiff and Class against all Defendants)**

75. Plaintiff incorporates all paragraphs above as though fully set forth herein.

76. Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

77. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

78. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California

Business & Professions Code § 17200, et seq.

79. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

**Failing to Pay Overtime**

80. Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Meal and Rest Periods**

81. Defendants' failure to provide legally required meal and rest periods in violation of California Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Pay Wages**

82. Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Timely Pay Wages Upon Termination**

83. Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Accurate Itemized Wage Statements**

84. Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Record Meal Periods**

85. Defendants' failure to record meal periods in violation of California Labor Code § 1198 and IWC Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

86. By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

87. Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

88. Plaintiff, individually, and on behalf of Class members, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and Class members are not obligated to establish individual knowledge of the unfair practices in order to recover restitution.

89. Plaintiff, individually, and on behalf of Class members, is further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described

unfair, unlawful and/or fraudulent business practices in the future.

90. Plaintiff, individually, and on behalf of Class members, has no plain, speedy, and/or adequate remedy at law to redress the injuries that Plaintiff has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

91. Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## EIGHTH CAUSE OF ACTION

**Violation of California Labor Code §§ 2698, et seq.**

**(Plaintiff and Class against all Defendants)**

92. Plaintiff incorporates all paragraphs above as though fully set forth herein.

93. California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code.

94. At all times, PAGA was applicable to Plaintiff's employment by Defendants.

95. At all times, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and

collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

96. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

97. Plaintiff is employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, Aggrieved Employee. Plaintiff and other employees are Aggrieved Employees as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants who are or were employed by Defendants, and one or more of the alleged violations were committed against them.

98. Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a) The aggrieved employee shall give written notice ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b) The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of

the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

99. On April 15, 2026 Plaintiff provided written notice online to the LWDA, and by certified mail to Defendants, of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

100. Plaintiff has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 200, 201, 202, 203, 204, 218, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, 1198.

101. Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff and all other aggrieved employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 200, 201, 202, 203, 204, 218, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, 1198.

102. Further Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 2699 and any other applicable statute.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1. That this action be certified as a class action
2. That Plaintiff be appointed as the representatives of the Class, and

3. That counsel for Plaintiff be appointed as Class Counsel

As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and Class members

5. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate

6. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due

7. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

8. For such other and further relief as the Court may deem equitable and appropriate

As to the Second and Third Causes of Action

9. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods and rest breaks to Plaintiff and Class members

10. That the Court make an award to the Plaintiff and Class members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period and rest break were not provided

11. For all actual, consequential, and incidental losses and damages, according to proof

12. For premiums pursuant to California Labor Code § 226.7(b)

13. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

14. For such other and further relief as the Court may deem equitable and

appropriate

As to the Fourth Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 1194 and 1197

16. For general unpaid wages and such general and special damages as may be appropriate

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due

18. For liquidated damages

19. For reasonable attorneys' fees and for costs of suit incurred; and

20. For such other and further relief as the Court may deem equitable and appropriate

As to the Fifth Cause of Action

21. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and Class members, and wilfully failed to provide accurate itemized wage statements

22. For all actual, consequential and incidental losses and damages, according to proof

23. For statutory penalties pursuant to California Labor Code § 226(e)

24. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and

25. For such other and further relief as the Court may deem equitable and appropriate

As to the Sixth Cause of Action

26. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by wilfully failing to pay all

compensation owed at the time of termination of the employment of terminated Class members

27. For all actual, consequential and incidental losses and damages, according to proof

28. For statutory wage penalties pursuant to California Labor Code § 203 for all Class members who have left Defendants' employ

29. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

30. For such other and further relief as the Court may deem equitable and appropriate

<u>As to the Seventh Cause of Action</u>

31. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay minimum wages; by failing to pay timely and earned wages upon termination; by failing to provide accurate itemized wage statements; by failing to record meal periods.

32. For restitution of unpaid wages to Plaintiff and all Class members and prejudgment interest from the day such amounts were due and payable

33. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.

34. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5

35. For injunctive relief to ensure compliance with this section, pursuant

to California Business & Professions Code § 17200, et seq.; and

As to the Eighth Cause of Action

36. That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections: 200, 201, 202, 203, 204, 218, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, 1198

37. For civil penalties pursuant to California Labor Code § 2699(a) and/or 2699(f) and (g) in the amount of at least one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 200, 201, 202, 203, 204, 218, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, 1198; and

38. For such other and further relief as the Court may deem equitable and appropriate

Respectfully Submitted,

Dated: August 31, 2026 PARK APC

/s/ James Park

By:____________________________
Sang (James) Park

Attorneys for Plaintif

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: August 31, 2026

PARK APC

/s/ James Park

By:______________________________
Sang (James) Park

Attorneys for Plaintiff